SUMMARY ORDER

Petitioner Da Lin Zheng, a native and citizen of China, seeks review of an October 24, 2008 order of the BIA affirming the March 28, 2007 decision of Immigration Judge (“IJ”) Elizabeth A. Lamb denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Da Lin Zheng, No. A 94 794 625 (B.I.A. Oct. 24, 2008), aff'g No. A 94 794 625 (Immig. Ct. N.Y. City Mar. 28, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Where the BIA’s opinion, although not expressly adopting the IJ’s opinion, closely tracks it, this Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness. See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). Thus, we “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008).
Substantial evidence supports the IJ’s adverse credibility determination which was based on: (1) Zheng’s demeanor, which the IJ found evasive and indicative of someone who was testifying from a script; (2) an inconsistency in his testimony concerning where people overheard him speaking about Falun Gong; (3) an inconsistency between his testimony and his mother’s letter concerning the injuries he suffered; (4) his failure to mention on direct examination that he was required to report to police twice a month; and (5) the omission from his mother’s letter and his asylum application of any assertion that police visited his mother’s home twice a month after he left China.
We accord great deference to an IJ’s assessment of an applicant’s demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Moreover, although Zheng asserts that any inconsistencies in his testimony were due to his nervousness and misunderstanding of the questions asked, a reasonable factfinder would not have been compelled to credit that expía- *711 nation. See id. at 80-81. Zheng also asserts that some of the inconsistencies and omissions were not central to his claim that he was arrested and beaten for practicing Falun Gong. However, under the REAL ID Act, which applies to Zheng’s application for relief, “an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the ‘totality of the circumstances’ establishes that an asylum applicant is not credible.” Xiu Xia Lin, 584 F.3d at 167.[2] Additionally, the IJ reasonably found that Zheng’s deficient corroboration rendered him unable to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Taken as a whole, the IJ’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(l)(B)(iii); Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied Zheng’s applications for asylum, withholding of removal, and CAT relief where the only evidence that he would be persecuted or tortured depended on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Because Zheng fails to assert before this Court, as he did before the BIA, that the interpretation at his merits hearing was deficient, we deem any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).